1   DAVID HANEY
2   27330 STANFORD ST
    HEMET CA 92544
3   951 550 7511
    DAVIDHANEY@DAVIDHANEY.COM
4   No Fax
5   Defendants In Pro Per

6

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  DIANA MANANGAN, LORETO        ED  CV18-00471
    MANANGAN                      Case No.

12
                Plaintiff,
13                                NOTICE OF REMOVAL PENDING IN
                                  STATE COURT TO UNITED STATES
14                                DISTRICT COURT (28 USC § 1452)

15  DAVID HANEY AND DOES 1 - 10,

16  INCLUSIVE.

17

18              Defendants,

19

20

21

22  TO PLAINTIFF, DIANA MANANGAN, LORETO MANANGAN AND TO THE
23  SUPERIOR COURT OF CALIFORNIA:
24
25      THE DEFENDANT, DAVID HANEY DIANA HEREBY REMOVES THE STATE
    CASE MANANGAN LORETO MANANGAN VS DAVID HANEY AND DOES 1-10
26  INCLUSIVE.
27
28      DAVID HANEY, Defendant, hereby removes the lawsuit v. Case No. HEC 1800204
    (the "Action") formerly pending in the Superior Court of California in and for the County of

─────────────────────────────────────────────
        NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO DISTRICT COURT
                          (28 USC § 1452) – page 1

1    RIVERSIDE     to the United States DISTRICT court  of Central District of California,

2    EADTERN Division, pursuant to 28 USC § 1452(a) and FRBP 9027(a), and hereby gives

3    notice of such removal to each of the following:

4        1.   Former Court: Superior Court of California in and for the County of RIVERSIDE

5

6    Removal of the Action is based upon the following facts:

7        1.   On or about JAN 29 2018 3 2016, plaintiff  filed a civil action against Defendant

8             DAVID HANEY,  in the Superior Court of California in and for the County of

9             RIVERSIDE

10       2.   In the Action, DIANA, LORETO MANANGAN sues for unlawful detainer as

11            more fully set forth in the copy of the Complaint attached hereto as Exhibit "1."

12            The Action arises out of the claims of PLAINTIFF that HANEY IS

13            UNLAWFULY DETAINING THE HOME

14       3.   The Action is not a proceeding before the United States Tax Court.

15       4.   The Action is not a civil action by a governmental unit to enforce its police or

16            regulatory power.

17       5.   The Action was formerly pending in the Superior Court of California in and for the

18            RIVERSIDE.

19            The Action is therefore a core proceeding within the meaning of 28 USC §§ 157

20            and 1334.   However, if the matter is deemed noncore, Defendant HANEY

21            consents to entry of a final order in the Action by a judge.

22       6.   This Court has jurisdiction over the Action pursuant to 28 USC § 1334(b).

23       7.   Removal of the Action to this Court is proper pursuant to 28 USC § 1452(a) and

24            FRBP 9027.

25       8.   Venue for the Action is proper in this Court under 28 USC § 1452(a), because this

26            Court is the United States District Court located in the District where the State

27            court where the Action that was formerly pending was located.

28       9.   Attached hereto as Exhibits "1" through "4 are true and correct copies of all

             pleadings filed in the Action prior to removal, as follows:

1        Exhibit "1": Summons and Complaint, S B.S.C. Case No. HEC1800204
2        Exhibit "2": Answer, L.A.S.C. Case N0 17UN0113
3        Exhibit "3": Notice of Trial
4        Exhibit "4": Notice of Filing of Complaint
5   ///
6        I declare under penalty of perjury under the laws of the United States that the
7   foregoing is true and correct.
8
9   DATED: March 8, 2018                    _____
10                                          DAVID HANEY
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VENUE AND JURISDICTION

1.     Venue is proper in this county, district and courthouse because (a) the causes of action alleged herein concern real property that is located within the Central District of California and involves the performance of a contract related to that real property, (b) performance is of that Contract is to occur in the Central District of California.

2.     Jurisdiction is proper under The 28 USC 1452(a) and 28 USC § 1334.

DATED: March 8, 2018



DAVID HANEY

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DAVID HANEY<br>27330 STANFORD ST<br>HEMET CA 92544<br><br>TELEPHONE NO.:                              FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):*  PRO SE | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>FEB 1 3 2018 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 880 NORTH STATE STREET
MAILING ADDRESS: 880 NORTH STATE STREET
CITY AND ZIP CODE: HEMET 92543
BRANCH NAME: HEMET COURT HOUSE

Plaintiff: DIANA MANANGAN

Defendant: DAVID HANEY

| ANSWER—UNLAWFUL DETAINER | CASE NUMBER:<br>HEC1800204 |
|---|---|

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):* DAVID HANEY

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**

   a. ☐ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*

   b. ☒ Defendant admits that all of the statements of the complaint are true EXCEPT:

      (1) Defendant claims the following statements of the complaint are false *state paragraph numbers from the complaint or explain below or on form MC-025):* ☐ Explanation is on MC-025, titled as Attachment 2b(1).

      **I AM NOT LEGALY BEHIND ON MY RENT AND I HAVE A RENT CREDIT.**

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*
      ☐ Explanation is on MC-025, titled as Attachment 2b(2).

3. AFFIRMATIVE DEFENSES *(**NOTE:** For each box checked, you must state brief facts to support it in item 3k (top of page 2).)*

   a. ☒ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.

   b. ☒ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.

   c. ☐ *(nonpayment of rent only)* On *(date):* _____ before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.

   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.

   e. ☐ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.

   f. ☐ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.

   g. ☐ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

      *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*

   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.

   i. ☐ Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, stalking, human trafficking, or abuse of an elder or a dependent adult. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*

   j. ☐ Other affirmative defenses are stated in item 3k.

Form Approved for Optional Use<br>Judicial Council of California<br>UD-105 [Rev. January 2, 2014]

ANSWER—UNLAWFUL DETAINER

Civil Code, § 1940 et seq.;<br>Code of Civil Procedure, § 425.12, § 1161 et seq.<br>www.courts.ca.gov

5

**UD-105**

CASE NUMBER:
HEC 1800204

3. AFFIRMATIVE DEFENSES (cont'd)
   k. Facts supporting affirmative defenses checked above *(identify facts for each item by its letter from page 1 below or on form MC-025)*:
   [ ]   Description of facts is on MC-025, titled as Attachment 3k.

4. OTHER STATEMENTS
   a. [ ]  Defendant vacated the premises on (date):
   b. [ ]  The fair rental value of the premises alleged in the complaint is excessive *(explain below or on form MC-025)*:
          [ ]   Explanation is on MC-025, titled as Attachment 4b.

   c. [ ]  Other *(specify below or on form MC-025 in attachment)*:
          [ ]   Other statements are on MC-025, titled as Attachment 4c.

5. DEFENDANT REQUESTS
   a.       that plaintiff take nothing requested in the complaint.
   b.       costs incurred in this proceeding.
   c. [ X ] reasonable attorney fees.
   d. [ X ] that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warranty to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are corrected.
   e. [ ]  Other *(specify below or on form MC-025)*:
          [ ]   All other requests are stated on MC-025, titled as Attachment 5e.

6. Number of pages attached: _____

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code §§ 6400—6415)**

7. *(Must be completed in all cases.)* An unlawful detainer assistant [ X ] did not    [ ] did    for compensation give advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, state):*
   a. Assistant's name:                                      b. Telephone No.:
   c. Street address, city, and zip code:
   d. County of registration:             e. Registration No.:        f. Expires on *(date)*:

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

_____                    _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF DEFENDANT OR ATTORNEY)

_____                    _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*
I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Date:

DAVID HANLEY
_____                    _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF DEFENDANT)

6

| | |
|---|---|
| PLAINTIFF: DIANA MANANGAN | CASE NUMBER: |
| DEFENDANT: DAVID HANEY | HEC1800204 |

## PROOF OF SERVICE BY MAIL

**Instructions:** *After having the parties served by mail with the Request/Counter-Request to Set Case for Trial—Unlawful Detainer, (form UD-150), have the person who mailed the form UD-150 complete this Proof of Service by Mail. An **unsigned** copy of the Proof of Service by Mail should be completed and served with form UD-150. Give the Request/Counter-Request to Set Case for Trial —Unlawful Detainer (form UD-150) and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this case.** I am a resident of or employed in the county where the mailing took place.
2. My residence or business address is *(specify):*

3. I served the *Request/Counter-Request to Set Case for Trial—Unlawful Detainer* (form UD-150) by enclosing a copy in an envelope addressed to each person whose name and address are shown below AND

   a. [✔] **depositing** the sealed envelope in the United States mail on the date and at the place shown in item 3c with the postage fully prepaid.

   b. [ ] **placing** the envelope for collection and mailing on the date and at the place shown in item 3c following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

   c. (1) Date mailed: 2/13/2018

      (2) Place mailed *(city and state):* HEMET CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 2/13/2018

DENNIS HAYES
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PERSON WHO MAILED FORM UD-150)

## NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

| | Name | Address *(number, street, city, and zip code)* |
|---|---|---|
| 4. | DIANA MANANGAN | 25034 RHINE ST, HEMET, CA 92543 |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| 9. | | |

[ ] List of names and addresses continued on a separate attachment or form MC-025, titled Attachment to Proof of Service by Mail.

UD-150 [New January 1, 2005]

**REQUEST/COUNTER-REQUEST TO SET CASE
FOR TRIAL—UNLAWFUL DETAINER**

Page 2 of 2

7

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF TRIAL SETTING CONFERENCE

DIANA MANANGAN

VS

CASE NO. HEC1800204

DAVID HANEY

TO: DAVID HANEY
    27330 STANFORD ST
    HEMET CA 92544

The above entitled case has been scheduled for a Trial Setting
Conference for 02/21/18 at 8:30 in Department 01.
at the above address.

The clerk's office shall notice all parties having appeared in
this case. The plaintiff/cross-complainants shall serve a copy of
this notice on all defendants subsequently added to the complaint
and/or cross-complaints and file proof of service thereof.

Any challenge pursuant to Section 170.6 of the Civil Code of Procedure
shall be made within twenty (20) days (15 days pursuant to 68616(I) GC
plus 5 days pursuant to 1013(a) CCP) from the date of this notice of
assignment, or if the party has not yet appeared, then within fifteen
(15) days after the party's first appearance.

Requests for accommodations can be made by submitting Judicial Council
form MC-410 no fewer than five court days before the hearing. See
CA Rules of Court, rule 1.100.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing Notice
on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Dated: 02/13/18                By: _____

                                   RAYLENE T MORALES, Deputy Clerk

ac: tsc

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**SUM-130**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DAVID HANEY
AND DOES 1-10 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DIANA MANANGAN, LORETO MANANGAN

---

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JAN 2 9 2018

E. Douglas

---

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   HEMET SUPERIOR COURT
   COUNTY OF RIVERSIDE
   880 NORTH STATE STREET
   HEMET, CA. 92543
   HEMET CIVIL DIVISION

   **CASE NUMBER:** *(Número del Caso):* EC 1 8 0 0 2 0 4

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   DIANA MANANGAN, LORETO MANANGAN          951-929-3219
   C/O THE EVICTION CENTER                   951-929-4019
   1001 E. MORTON PL., STE. C
   HEMET, CA. 92543

3. *(Must be answered in all cases)* An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [ ] did not [X] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: JAN 2 9 2018
*(Fecha)*

Clerk, by E. Douglas , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)              [ ] other *(specify):*

5. [ ] by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 415.456, 1167

Page 1 of 2

COPY

9

SUM-130

| PLAINTIFF *(Name)*: DIANA MANANGAN, LORETO MANANGAN | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: DAVID HANEY AND DOES 1-10 INCLUSIVE | |

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advise for pay from an unlawful detainer assistant)*:

a. Assistant's name: THE EVICTION CENTER

b. Telephone no.:   (951) 929-3219

c. Street address, city, and zip:
   1001 E. MORTON PLACE, STE. C
   HEMET, CA. 92543

d. County of registration: RIVERSIDE

e. Registration no.:   6

f. Registration expires on *(date)*: 8/15/19

10

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| DIANA MANANGAN, LORETO MANANGAN<br>C/O THE EVICTION CENTER<br>1001 E. MORTON PL., STE. C<br>HEMET, CA. 92543<br><br>TELEPHONE NO.: 951-929-3219    FAX NO. *(Optional)*: 951-929-4019<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFFS IN PRO PER | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>JAN 2 9 2018<br><br>E. Douglas |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: COUNTY OF RIVERSIDE
MAILING ADDRESS: 880 NORTH STATE STREET
CITY AND ZIP CODE: HEMET, CA. 92543
BRANCH NAME: HEMET CIVIL DIVISION

PLAINTIFF: DIANA MANANGAN, LORETO MANANGAN

DEFENDANT: DAVID HANEY

[X] DOES 1 TO 10 INCLUSIVE

| COMPLAINT — UNLAWFUL DETAINER* | CASE NUMBER: |
|---|---|
| [X] COMPLAINT  [ ] AMENDED COMPLAINT *(Amendment Number)*: | MEC 1800 20 |

**Jurisdiction** *(check all that apply)*:

[X] ACTION IS A LIMITED CIVIL CASE
   Amount demanded  [X] does not exceed $10,000
           [ ] exceeds $10,000 but does not exceed $25,000

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)

[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint *(check all that apply)*:
   [ ] from unlawful detainer to general unlimited civil (possession not in issue)  [ ] from limited to unlimited
   [ ] from unlawful detainer to general limited civil (possession not in issue)  [ ] from unlimited to limited

1. PLAINTIFF *(name each)*: DIANA MANANGAN, LORETO MANANGAN

   alleges causes of action against DEFENDANT *(name each)*: DAVID HANEY

2. a. Plaintiff is  (1) [X] an individual over the age of 18 years.   (4) [ ] a partnership.
          (2) [ ] a public agency.               (5) [ ] a corporation.
          (3) [ ] other *(specify)*:

   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify)*:

3. Defendant named above is in possession of the premises located at *(street address, apt. no., city, zip code, and county)*:
   27330 STANFORD STREET, HEMET, CA. 92544 (RIVERSIDE COUNTY)

4. Plaintiff's interest in the premises is [X] as owner  [ ] other *(specify)*:
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about *(date)*: 11/15/14    defendant *(name each)*: DAVID HANEY

     (1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy *(specify)*: LEASE
     (2) agreed to pay rent of $ 975.00  payable [X] monthly [ ] other *(specify frequency)*:
     (3) agreed to pay rent on the [X] first of the month [ ] other day *(specify)*:
   b. This [X] written [ ] oral agreement was made with
     (1) [X] plaintiff.                (3) [ ] plaintiff's predecessor in interest.
     (2) [ ] plaintiff's agent.         (4) [ ] other *(specify)*:

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

| Form Approved for Optional Use<br>Judicial Council of California<br>UD-100 [Rev. July 1, 2005] | **COMPLAINT—UNLAWFUL DETAINER** Legal<br>Solutions<br>Plus | Page 1 of 3<br>Civil Code, § 1940 et seq.<br>Code of Civil Procedure §§ 425.12, 1166 |

| PLAINTIFF *(Name):* DIANA MANANGAN, LORETO MANANGAN | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name):* DAVID HANEY | |

6. c. [X] The defendants not named in item 6a are
    (1) [X] subtenants.
    (2) [X] assignees.
    (3) [X] other *(specify):* INVITEES & UNAUTHORIZED OCCUPANTS

  d. [X] The agreement was later changed as follows *(specify):* ON OR ABOUT 11/15/15 THE LEASE EXPIRED AND CONVERTED TO A MONTH TO MONTH RENTAL CONTRACT. ADDITIONALLY, BOTH PARTIES SIGNED AN ADDENDUM TO THE RENTAL CONTRACT CHANGING THE DUE DATE TO THE 15TH. OF EACH MONTH.

  e. [X] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

  f. [ ] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
    (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. [X] a. Defendant *(name each):* DAVID HANEY

    was served the following notice on the same date and in the same manner:
    (1) [X] 3-day notice to pay rent or quit    (4) [X] 3-day notice to perform covenants or quit
    (2) [ ] 30-day notice to quit    (5) [X] 3-day notice to quit
    (3) [ ] 60-day notice to quit    (6) [ ] Other *(specify):*

  b. (1) On *(date):* 1/26/18    the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.

  c. All facts stated in the notice are true.

  d. [X] The notice included an election of forfeiture.

  e. [X] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166.)*

  f. [ ] One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. *(Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)*

8. a. [X] The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) [ ] by personally handing a copy to defendant on *(date):*
    (2) [ ] by leaving a copy with *(name or description):*
        a person of suitable age and discretion, on *(date):*    at defendant's
        [ ] residence  [ ] business  AND mailing a copy to defendant at defendant's place of residence on *(date):*    because defendant cannot be found at defendant's residence or usual place of business.
    (3) [X] by posting a copy on the premises on *(date):* 1/23/18    [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises on *(date):* 1/23/18
        (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
        (b) [X] because no person of suitable age or discretion can be found there.
    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946 before using)* by sending a copy by certified or registered mail addressed to defendant on *(date):*
    (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953 before using)* in the manner specified in a written commercial lease between the parties.

  b. [ ] *(Name):*
    was served on behalf of all defendants who signed a joint written rental agreement.

  c. [ ] Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

  d. [X] Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

12

| PLAINTIFF (Name): DIANA MANANGAN, LORETO MANANGAN | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): DAVID HANEY | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $ 975.00
11. ☒ The fair rental value of the premises is $ 32.05            per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☒ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.
15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
   a. possession of the premises.
   b. costs incurred in this proceeding:
   c. ☒ past-due rent of $ 975.00
   d. ☒ reasonable attorney fees.
   e. ☒ forfeiture of the agreement.

   f. ☒ damages at the rate stated in item 11 from *(date):* 2/15/18            for each day that defendants remain in possession through entry of judgment.
   g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
   h. ☒ other *(specify):* PER COVENANTS NOTICE, $35.00 LATE FEE AND ALL OTHER COSTS AND FEES INCURRED IN THIS ACTION DEEMED JUST AND PROPER BY THE COURT.

18. ☒ Number of pages attached *(specify):* 12

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☐ did **not** ☒ did   for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):*

   a. Assistant's name: THE EVICTION CENTER
   b. Street address, city, and zip code:
      1001 E. MORTON PLACE, STE. C
      HEMET, CA. 92543

   c. Telephone No.: (951) 929-3219
   d. County of registration: RIVERSIDE
   e. Registration No.: 6
   f. Expires on *(date):* 8/15/19

Date: 1/29/18

DIANA' MANANGAN, LORETO MANANGAN
_____
(TYPE OR PRINT NAME)

*(SIGNATURE OF PLAINTIFF OR ATTORNEY)*

### VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/29/18

PLEASE SEE ATTACHED
_____
(TYPE OR PRINT NAME)

▶

*(SIGNATURE OF PLAINTIFF)*

13

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I have read the foregoing <u>COMPLAINT-UNLAWFUL DETAINER</u>

_____ and know its contents.

[X]   CHECK APPLICABLE PARAGRAPHS

[X]     I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to
those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ] I am [ ] an Officer [ ] a partner _____ [ ] a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that
reason. [ ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are
true. [ ] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are
stated on information and belief, and as to those matters I believe them to be true.

[ ]     I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make
this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that
the matters stated in the foregoing document are true.

Executed on X 1-29-18 , at HEMET , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X Loreto G. Manangan                    X Loreto G. Manangan
_____        _____
Type or Print Name                       Signature

**PROOF OF SERVICE**

1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____

I am employed in the county of _____ State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____

_____ on _____ In this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] BY MAIL

[ ]     *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

[ ]     As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.
Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at
_____ California in the ordinary course of business. I am aware that on motion of the
party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of
deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

[ ]     **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

[ ] (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was
made.

_____        _____
Type or Print Name                       Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)

**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
⊕ Plus          Rev. 7/99

14

*1,950.*



CALIFORNIA
ASSOCIATION
OF REALTORS®

**RESIDENTIAL LEASE OR
MONTH-TO-MONTH RENTAL AGREEMENT**
(C.A.R. Form LR, Revised 12/13)

Date _01/13/2014_

_Diana Manangan, Loreto Manangan_ _____ ("Landlord") and
_David Haney_ _____ ("Tenant") agree as follows:

**1. PROPERTY:**

    **A.** Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: _27330 stanford St. ,_
    _Hemet, CA 92544_ _____ ("Premises").

    **B.** The Premises are for the sole use as a personal residence by the following named person(s) **only:** _____

    **C.** The following personal property, maintained pursuant to paragraph 11, is included: _____
    _____ or ☐ (if checked) the personal property on the attached addendum.

    **D.** The Premises may be subject to a local rent control ordinance _____

**2. TERM:** The term begins on (date) _____ _November 15, 2014_ _____ ("Commencement Date"), **(Check A or B):**

    ☒ **A. Month-to-Month:** and continues as a month-to-month tenancy. Tenant may terminate the tenancy by giving written notice at least 30 days prior to the intended termination date. Landlord may terminate the tenancy by giving written notice as provided by law. Such notices may be given on any date.

    ☐ **B. Lease:** and shall terminate on (date) _____ _November 15, 2015_ _____ at ___ _12:00_ ___ ☐ AM/ ☒ PM. Tenant shall vacate the Premises upon termination of the Agreement, unless: (i) Landlord and Tenant have extended this Agreement in writing or signed a new agreement; (ii) mandated by local rent control law; or (iii) Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may terminate as specified in paragraph 2A. Rent shall be at a rate agreed to by Landlord and Tenant, or as allowed by law. All other terms and conditions of this Agreement shall remain in full force and effect.

**3. RENT:** "Rent" shall mean all monetary obligations of Tenant to Landlord under the terms of the Agreement, except security deposit.

    **A.** Tenant agrees to pay $ _975.00_ _____ per month for the term of the Agreement.

    **B.** Rent is payable in advance on the 1st (or ☐ _____) **day** of each calendar month, and is delinquent on the next day.

    **C.** If Commencement Date falls on any day other than the day Rent is payable under paragraph 3B, and Tenant has paid one full month's Rent in advance of Commencement Date, Rent for the second calendar month shall be prorated and Tenant shall pay 1/30th of the monthly rent per day for each day remaining in prorated second month.

    **D. PAYMENT:** Rent shall be paid by ☐ personal check, ☒ money order, ☐ cashier's check, or ☐ other _____ , to
    (name) _Diana Manangan, Loreto Manangan_ _____ (phone) _(951)529-3967_ _____ at
    (address) _25034 rhine St. Hemet Ca 92544_ _____ , (or
    at any other location subsequently specified by Landlord in writing to Tenant) (and ☐ if checked, rent may be paid personally, between the hours of _____ and _____ on the following days _____ ). If any payment is returned for non-sufficient funds ("NSF") or because tenant stops payment, then, after that: (i) Landlord may, in writing, require Tenant to pay Rent in cash for three months and (ii) all future Rent shall be paid by ☐ money order, or ☐ cashier's check.

**4. SECURITY DEPOSIT:**

    **A.** Tenant agrees to pay $ _975.00_ _____ as a security deposit. Security deposit will be ☐ transferred to and held by the Owner of the Premises, or ☐ held in Owner's Broker's trust account.

    **B.** All or any portion of the security deposit may be used, as reasonably necessary, to: (i) cure Tenant's default in payment of Rent (which includes Late Charges, NSF fees or other sums due); (ii) repair damage, excluding ordinary wear and tear, caused by Tenant or by a guest or licensee of Tenant; (iii) clean Premises, if necessary, upon termination of the tenancy; and (iv) replace or return personal property or appurtenances. **SECURITY DEPOSIT SHALL NOT BE USED BY TENANT IN LIEU OF PAYMENT OF LAST MONTH'S RENT.** If all or any portion of the security deposit is used during the tenancy, Tenant agrees to reinstate the total security deposit within five days after notice is delivered to Tenant. Within 21 days after Tenant vacates the Premises, Landlord shall: (1) furnish Tenant an itemized statement indicating the amount of any security deposit received and the basis for its disposition and supporting documentation as required by California Civil Code § 1950.5(g); and (2) return any remaining portion of the security deposit to Tenant.

    **C.** Security deposit will not be returned until all Tenants have vacated the Premises and all keys returned. Any security deposit returned by check shall be made out to all Tenants named on this Agreement, or as subsequently modified.

    **D.** No interest will be paid on security deposit unless required by local law.

    **E.** If the security deposit is held by Owner, Tenant agrees not to hold Broker responsible for its return. If the security deposit is held in Owner's Broker's trust account, **and Broker's authority is terminated before expiration of this Agreement, and security deposit is released to someone other than Tenant, then Broker shall notify Tenant, in writing, where and to whom security deposit has been released. Once Tenant has been provided such notice, Tenant agrees not to hold Broker responsible for the security deposit.**

**5. MOVE-IN COSTS RECEIVED/DUE:** Move-in funds made payable to _____ _Diana Manangan_ _____
shall be paid by ☐ personal check, ☐ money order, or ☐ cashier's check.

| Category | Total Due | Payment Received | Balance Due | Date Due |
|---|---|---|---|---|
| Rent from _11/15/2014_ to _11/30/2014_ (date) | $487.50 | $487.50 | _487.50_ | |
| *Security Deposit | | | | _IN FULL_ |
| Other | $975.00 | $975.00 | | |
| Other _25_ | $25.00 | $25.00 | _PAID IN_ | |
| Total | $1,487.50 | $1,487.50 | | |

*The maximum amount Landlord may receive as security deposit, however designated, cannot exceed two months' Rent for unfurnished premises, or three months' Rent for furnished premises.

Tenant's Initials ( ) ( )
L.ANDLORD'S INITIALS

_PAID $1,950._

Landlord's Initials (_DM_) ( )

Reviewed by _____ Date _____

© 2013, California Association of REALTORS®, Inc.
**LR REVISED 12/13 (PAGE 1 OF 6)**

EQUAL HOUSING OPPORTUNITY

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 1 OF 6)**

| Agent: Diana Manangan | Phone: 951.658.7211 | Fax: 951.652.4802 | Prepared using zipForm® software |
|---|---|---|---|
| Broker: Brubaker-Culton R.E.,990 W. Florida Ave. Hemet,CA 92543 | | | |

_15_

27330 stanford St.

Premises: Hemet, CA  92544 _____ Date: _November 7, 2014_

**6. LATE CHARGE; RETURNED CHECKS:**

    **A.** Tenant acknowledges either late payment of Rent or issuance of a returned check may cause Landlord to incur costs and expenses, the exact amounts of which are extremely difficult and impractical to determine. These costs may include, but are not limited to, processing, enforcement and accounting expenses, and late charges imposed on Landlord. If any installment of Rent due from Tenant is not received by Landlord within 5 (or ☐ _____ ) **calendar days** after the date due, or if a check is returned, Tenant shall pay to Landlord, respectively, an additional sum of $ _____ or _____ % of the Rent due as a Late Charge and $25.00 as a NSF fee for the first returned check and $35.00 as a NSF fee for each additional returned check, either or both of which shall be deemed additional Rent.

    **B.** Landlord and Tenant agree that these charges represent a fair and reasonable estimate of the costs Landlord may incur by reason of Tenant's late or NSF payment. Any Late Charge or NSF fee due shall be paid with the current installment of Rent. Landlord's acceptance of any Late Charge or NSF fee shall not constitute a waiver as to any default of Tenant. Landlord's right to collect a Late Charge or NSF fee shall not be deemed an extension of the date Rent is due under paragraph 3 or prevent Landlord from exercising any other rights and remedies under this Agreement and as provided by law.

**7. PARKING: (Check A or B)**

    ☐ **A.** Parking is permitted as follows: _____

        The right to parking ☐ is ☐ is not included in the Rent charged pursuant to paragraph 3. If not included in the Rent, the parking rental fee shall be an additional $ _____ per month. Parking space(s) are to be used for parking properly licensed and operable motor vehicles, except for trailers, boats, campers, buses or trucks (other than pick-up trucks). Tenant shall park in assigned space(s) only. Parking space(s) are to be kept clean. Vehicles leaking oil, gas or other motor vehicle fluids shall not be parked on the Premises. Mechanical work or storage of inoperable vehicles is not permitted in parking space(s) or elsewhere on the Premises.

    OR ☐ **B.** Parking is not permitted on the Premises.

**8. STORAGE: (Check A or B)**

    ☒ **A.** Storage is permitted as follows: _room adittion included._
        The right to separate storage space ☐ is,☐ is not, included in the Rent charged pursuant to paragraph 3. If not included in the Rent, storage space fee shall be an additional $ _____ per month. Tenant shall store only personal property Tenant owns, and shall not store property claimed by another or in which another has any right, title or interest. Tenant shall not store any improperly packaged food or perishable goods, flammable materials, explosives, hazardous waste or other inherently dangerous material, or illegal substances.

    OR ☐ **B.** Except for Tenant's personal property, contained entirely within the Premises, storage is not permitted on the Premises.

**9. UTILITIES:** Tenant agrees to pay for all utilities and services, and the following charges: _____ except _____ , which shall be paid for by Landlord. If any utilities are not separately metered, Tenant shall pay Tenant's proportional share, as reasonably determined and directed by Landlord. If utilities are separately metered, Tenant shall place utilities in Tenant's name as of the Commencement Date. Landlord is only responsible for installing and maintaining one usable telephone jack and one telephone line to the Premises. Tenant shall pay any cost for conversion from existing utilities service provider.

**10. CONDITION OF PREMISES:** Tenant has examined Premises and, if any, all furniture, furnishings, appliances, landscaping and fixtures, including smoke detector(s).
    **(Check all that apply:)**

    ☐ **A.** Tenant acknowledges these items are clean and in operable condition, with the following exceptions: _____

    ☐ **B.** Tenant's acknowledgment of the condition of these items is contained in an attached statement of condition (C.A.R. Form MIMO).

    ☐ **C.** (i) Landlord will Deliver to Tenant a statement of condition (C.A.R. Form MIMO) ☐ within **3 days** after execution of this Agreement; ☐ prior to the Commencement Date; ☐ within **3 days** after the Commencement Date.
        (ii) Tenant shall complete and return the MIMO to Landlord within **3 (or ☐ _____ ) days** after Delivery. Tenant's failure to return the MIMO within that time shall conclusively be deemed Tenant's Acknowledgment of the condition as stated in the MIMO.

    ☐ **D.** Tenant will provide Landlord a list of items that are damaged or not in operable condition within **3 (or ☐ _____ ) days** after Commencement Date, not as a contingency of this Agreement but rather as an acknowledgment of the condition of the Premises.

    ☐ **E.** Other: _See addendum # 1._

**11. MAINTENANCE:**

    **A.** Tenant shall properly use, operate and safeguard Premises, including if applicable, any landscaping, furniture, furnishings and appliances, and all mechanical, electrical, gas and plumbing fixtures, and smoke alarms, and keep them and the Premises clean, sanitary and well ventilated. Tenant shall be responsible for checking and maintaining all carbon monoxide detectors and any additional phone lines beyond the one line and jack that Landlord shall provide and maintain. Tenant shall immediately notify Landlord, in writing, of any problem, malfunction or damage with any item on the property. Tenant shall be charged for all repairs or replacements caused by Tenant, pets, guests or licensees of Tenant, excluding ordinary wear and tear. Tenant shall be charged for all damage to Premises as a result of failure to report a problem in a timely manner. Tenant shall be charged for repair of drain blockages or stoppages, unless caused by defective plumbing parts or tree roots invading sewer lines.

    **B.** ☐ Landlord ☒ Tenant shall water the garden, landscaping, trees and shrubs, except: _____

    **C.** ☐ Landlord ☒ Tenant shall maintain the garden, landscaping, trees and shrubs, except: _____

    **D.** ☐ Landlord ☒ Tenant shall maintain _front and back yard._

    **E.** Tenant's failure to maintain any item for which Tenant is responsible shall give Landlord the right to hire someone to perform such maintenance and charge Tenant to cover the cost of such maintenance.

    **F.** The following items of personal property are included in the Premises without warranty and Landlord will not maintain, repair or replace them: _____

Tenant's Initials ( _Lym_ ) ( _____ )

Landlord's Initials ( _DF_ ) ( _____ )

ANdLoRd

LR REVISED 12/13 (PAGE 2 OF 6)

Reviewed by _____ Date _____

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 2 OF 6)**

stanford

16

Premises: *Hemet, CA  92544*    27330 stanford St.                                    Date: *November 7, 2014*

**12. NEIGHBORHOOD CONDITIONS:** Tenant is advised to satisfy him or herself as to neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, proximity of registered felons or offenders, fire protection, other governmental services, availability, adequacy and cost of any wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, cemeteries, facilities and condition of common areas, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Tenant.

**13. PETS:** Unless otherwise provided in California Civil Code § 54.2, no animal or pet shall be kept on or about the Premises without Landlord's prior written consent, except: _____

**14.** ☐ (If checked) **NO SMOKING:** No smoking of any substance is allowed on the Premises or common areas. If smoking does occur on the Premises or common areas, (i) Tenant is responsible for all damage caused by the smoking including, but not limited to stains, burns, odors and removal of debris; (ii) Tenant is in breach of this Agreement; (iii) Tenant, guests, and all others may be required to leave the Premises; and (iv) Tenant acknowledges that in order to remove odor caused by smoking, Landlord may need to replace carpet and drapes and paint the entire premises regardless of when these items were last cleaned, replaced, or repainted. Such actions and other necessary steps will impact the return of any security deposit. The Premises or common areas may be subject to a local non-smoking ordinance.

**15. RULES/REGULATIONS:**
  **A.** Tenant agrees to comply with all Landlord rules and regulations that are at any time posted on the Premises or delivered to Tenant. Tenant shall not, and shall ensure that guests and licensees of Tenant shall not, disturb, annoy, endanger or interfere with other tenants of the building or neighbors, or use the Premises for any unlawful purposes, including, but not limited to, using, manufacturing, selling, storing or transporting illicit drugs or other contraband, or violate any law or ordinance, or commit a waste or nuisance on or about the Premises.
  **B.  (If applicable, check one)**
  ☐ **1.** Landlord shall provide Tenant with a copy of the rules and regulations within _____ days or _____
  OR ☐ **2.** Tenant has been provided with, and acknowledges receipt of, a copy of the rules and regulations.

**16.** ☐ (If checked) **CONDOMINIUM; PLANNED UNIT DEVELOPMENT:**
  **A.** The Premises are a unit in a condominium, planned unit development, common interest subdivision or other development governed by a homeowners' association ("HOA"). The name of the HOA is *none*. Tenant agrees to comply with all HOA covenants, conditions and restrictions, bylaws, rules and regulations and decisions ("HOA Rules"). Landlord shall provide Tenant copies of HOA Rules, if any. Tenant shall reimburse Landlord for any fines or charges imposed by HOA or other authorities, due to any violation by Tenant, or the guests or licensees of Tenant.
  **B.  (Check one)**
  ☐ **1.** Landlord shall provide Tenant with a copy of the HOA Rules within _____ *none* _____ days or _____
  OR ☐ **2.** Tenant has been provided with, and acknowledges receipt of, a copy of the HOA Rules.

**17. ALTERATIONS; REPAIRS:** Unless otherwise specified by law or paragraph 29C, without Landlord's prior written consent, **(i)** Tenant shall not make any repairs, alterations or improvements in or about the Premises including: painting, wallpapering, adding or changing locks, installing antenna or satellite dish(es), placing signs, displays or exhibits, or using screws, fastening devices, large nails or adhesive materials; **(ii)** Landlord shall not be responsible for the costs of alterations or repairs made by Tenant; **(iii)** Tenant shall not deduct from Rent the costs of any repairs, alterations or improvements; and **(iv)** any deduction made by Tenant shall be considered unpaid Rent.

**18. KEYS; LOCKS:**
  **A.** Tenant acknowledges receipt of (or Tenant will receive ☐ prior to the Commencement Date, or ☐ _____ ):
  ☒ _____ key(s) to Premises,        ☒ _____ remote control device(s) for garage door/gate opener(s),
  ☐ _____ key(s) to mailbox,          ☐ _____
  ☐ _____ key(s) to common area(s),   ☐ _____
  **B.** Tenant acknowledges that locks to the Premises ☐ have, ☐ have not, been re-keyed.
  **C.** If Tenant re-keys existing locks or opening devices, Tenant shall immediately deliver copies of all keys to Landlord. Tenant shall pay all costs and charges related to loss of any keys or opening devices. Tenant may not remove locks, even if installed by Tenant.

**19. ENTRY:**
  **A.** Tenant shall make Premises available to Landlord or Landlord's representative for the purpose of entering to make necessary or agreed repairs, (including, but not limited to, installing, repairing, testing, and maintaining smoke detectors and carbon monoxide devices, and bracing, anchoring or strapping water heaters), decorations, alterations, or improvements, or to supply necessary or agreed services, or to show Premises to prospective or actual purchasers, tenants, mortgagees, lenders, appraisers, or contractors.
  **B.** Landlord and Tenant agree that 24-hour written notice shall be reasonable and sufficient notice, except as follows: **(1)** 48-hour written notice is required to conduct an inspection of the Premises prior to the Tenant moving out, unless the Tenant waives the right to such notice. **(2)** If Landlord has in writing informed Tenant that the Premises are for sale and that Tenant will be notified orally to show the premises (C.A.R. Form NSE), then, for the next 120 days following the delivery of the NSE, notice may be given orally to show the Premises to actual or prospective purchasers. **(3)** No written notice is required if Landlord and Tenant orally agree to an entry for agreed services or repairs if the date and time of entry are within one week of the oral agreement. **(4)** No notice is required: **(i)** to enter in case of an emergency; **(ii)** if the Tenant is present and consents at the time of entry; or **(iii)** if the Tenant has abandoned or surrendered the Premises.
  **C.** ☐ (If checked) Tenant authorizes the use of a keysafe/lockbox to allow entry into the Premises and agrees to sign a keysafe/lockbox addendum (C.A.R. Form KLA).

**20. SIGNS:** Tenant authorizes Landlord to place FOR SALE/LEASE signs on the Premises.

**21. ASSIGNMENT; SUBLETTING:** Tenant shall not sublet all or any part of Premises, or assign or transfer this Agreement or any interest in it, without Landlord's prior written consent. Unless such consent is obtained, any assignment, transfer or subletting of Premises or this Agreement or tenancy, by voluntary act of Tenant, operation of law or otherwise, shall, at the option of Landlord, terminate this Agreement. Any proposed assignee, transferee or sublessee shall submit to Landlord an application and credit information for Landlord's approval and, if approved, sign a separate written agreement with Landlord and Tenant. Landlord's consent to any one assignment, transfer or sublease, shall not be construed as consent to any subsequent assignment, transfer or sublease and does not release Tenant of Tenant's obligations under this Agreement.

Tenant's Initials (_____) (_____)                    Landlord's Initials (_____) (_____)

LANDLORD (handwritten signature)

27330 stanford St.

Premises: Hemet, CA  92544 _____ Date: November 7, 2014

**22. JOINT AND INDIVIDUAL OBLIGATIONS:** If there is more than one Tenant, each one shall be individually and completely responsible for the performance of all obligations of Tenant under this Agreement, jointly with every other Tenant, and individually, whether or not in possession.

**23.** ☒ **LEAD-BASED PAINT (If checked):** Premises were constructed prior to 1978. In accordance with federal law, Landlord gives and Tenant acknowledges receipt of the disclosures on the attached form (C.A.R. Form FLD) and a federally approved lead pamphlet.

**24.** ☐ **MILITARY ORDNANCE DISCLOSURE:** (If applicable and known to Landlord) Premises are located within one mile of an area once used for military training, and may contain potentially explosive munitions.

**25.** ☐ **PERIODIC PEST CONTROL:** Landlord has entered into a contract for periodic pest control treatment of the Premises and shall give Tenant a copy of the notice originally given to Landlord by the pest control company.

**26.** ☐ **METHAMPHETAMINE CONTAMINATION:** Prior to signing this Agreement, Landlord has given Tenant a notice that a health official has issued an order prohibiting occupancy of the property because of methamphetamine contamination. A copy of the notice and order are attached.

**27. MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Landlord nor Brokers, if any, are required to check this website. If Tenant wants further information, Tenant should obtain information directly from this website.)

**28. POSSESSION:**
**A.** Tenant is not in possession of the Premises. If Landlord is unable to deliver possession of Premises on Commencement Date, such Date shall be extended to the date on which possession is made available to Tenant. If Landlord is unable to deliver possession within 5 (or ☐ _____ ) **calendar days** after agreed Commencement Date, Tenant may terminate this Agreement by giving written notice to Landlord, and shall be refunded all Rent and security deposit paid. Possession is deemed terminated when Tenant has returned all keys to the Premises to Landlord.
**B.** ☐ Tenant is already in possession of the Premises.

**29. TENANT'S OBLIGATIONS UPON VACATING PREMISES:**
**A.** Upon termination of this Agreement, Tenant shall: **(i)** give Landlord all copies of all keys or opening devices to Premises, including any common areas; **(ii)** vacate and surrender Premises to Landlord, empty of all persons; **(iii)** vacate any/all parking and/or storage space; **(iv)** clean and deliver Premises, as specified in paragraph C below, to Landlord in the same condition as referenced in paragraph 10; **(v)** remove all debris; **(vi)** give written notice to Landlord of Tenant's forwarding address; and **(vii)**

**B.** All alterations/improvements made by or caused to be made by Tenant, with or without Landlord's consent, become the property of Landlord upon termination. Landlord may charge Tenant for restoration of the Premises to the condition it was in prior to any alterations/improvements.

**C.** **Right to Pre-Move-Out Inspection and Repairs: (i)** After giving or receiving notice of termination of a tenancy (C.A.R. Form NTT), or before the end of a lease, Tenant has the right to request that an inspection of the Premises take place prior to termination of the lease or rental (C.A.R. Form NRI). If Tenant requests such an inspection, Tenant shall be given an opportunity to remedy identified deficiencies prior to termination, consistent with the terms of this Agreement. **(ii)** Any repairs or alterations made to the Premises as a result of this inspection (collectively, "Repairs") shall be made at Tenant's expense. Repairs may be performed by Tenant or through others, who have adequate insurance and licenses and are approved by Landlord. The work shall comply with applicable law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. **(iii)** Tenant shall: **(a)** obtain receipts for Repairs performed by others; **(b)** prepare a written statement indicating the Repairs performed by Tenant and the date of such Repairs; and **(c)** provide copies of receipts and statements to Landlord prior to termination. Paragraph 29C does not apply when the tenancy is terminated pursuant to California Code of Civil Procedure § 1161(2), (3) or (4).

**30. BREACH OF CONTRACT; EARLY TERMINATION:** In addition to any obligations established by paragraph 29, in the event of termination by Tenant prior to completion of the original term of the Agreement, Tenant shall also be responsible for lost Rent, rental commissions, advertising expenses and painting costs necessary to ready Premises for re-rental. Landlord may withhold any such amounts from Tenant's security deposit.

**31. TEMPORARY RELOCATION:** Subject to local law, Tenant agrees, upon demand of Landlord, to temporarily vacate Premises for a reasonable period, to allow for fumigation (or other methods) to control wood destroying pests or organisms, or other repairs to Premises. Tenant agrees to comply with all instructions and requirements necessary to prepare Premises to accommodate pest control, fumigation or other work, including bagging or storage of food and medicine, and removal of perishables and valuables. Tenant shall only be entitled to a credit of Rent equal to the per diem Rent for the period of time Tenant is required to vacate Premises.

**32. DAMAGE TO PREMISES:** If, by no fault of Tenant, Premises are totally or partially damaged or destroyed by fire, earthquake, accident or other casualty that render Premises totally or partially uninhabitable, either Landlord or Tenant may terminate this Agreement by giving the other written notice. Rent shall be abated as of the date Premises become totally or partially uninhabitable. The abated amount shall be the current monthly Rent prorated on a 30-day period. If the Agreement is not terminated, Landlord shall promptly repair the damage, and Rent shall be reduced based on the extent to which the damage interferes with Tenant's reasonable use of Premises. If damage occurs as a result of an act of Tenant or Tenant's guests, only Landlord shall have the right of termination, and no reduction in Rent shall be made.

**33. INSURANCE:** Tenant's or guest's personal property and vehicles are not insured by Landlord, manager or, if applicable, HOA, against loss or damage due to fire, theft, vandalism, rain, water, criminal or negligent acts of others, or any other cause. **Tenant is advised to carry Tenant's own insurance (renter's insurance) to protect Tenant from any such loss or damage.** Tenant shall comply with any requirement imposed on Tenant by Landlord's insurer to avoid: **(i)** an increase in Landlord's insurance premium (or Tenant shall pay for the increase in premium); or **(ii)** loss of insurance.

**34. WATERBEDS:** Tenant shall not use or have waterbeds on the Premises unless: **(i)** Tenant obtains a valid waterbed insurance policy; **(ii)** Tenant increases the security deposit in an amount equal to one-half of one month's Rent; and **(iii)** the bed conforms to the floor load capacity of Premises.

**35. WAIVER:** The waiver of any breach shall not be construed as a continuing waiver of the same or any subsequent breach.

Tenant's Initials ( _____ ) ( _____ )

Landlord's Initials ( _____ ) ( _____ )

LANDlord

LR REVISED 12/16 (PAGE 4 OF 6)

Reviewed by _____ Date _____

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 4 OF 6)**

27330 stanford St.
Premises: _Hemet, CA  92544_

Date: _November 7, 2014_

**36. NOTICE:** Notices may be served at the following address, or at any other location subsequently designated:
Landlord: _Diana Manangan_
_25034 rhine St. Hemet Ca 92544_                    Tenant: _David Haney._

**37. TENANT ESTOPPEL CERTIFICATE:** Tenant shall execute and return a tenant estoppel certificate delivered to Tenant by Landlord or Landlord's agent within **3 days** after its receipt. Failure to comply with this requirement shall be deemed Tenant's acknowledgment that the tenant estoppel certificate is true and correct, and may be relied upon by a lender or purchaser.

**38. REPRESENTATION:**
**A. TENANT REPRESENTATION; OBLIGATIONS REGARDING OCCUPANTS; CREDIT:** Tenant warrants that all statements in Tenant's rental application are accurate. Tenant requires all occupants 18 years of age or older and all emancipated minors to complete a lease rental application. Tenant acknowledges this requirement and agrees to notify Landlord when any occupant of the Premises reaches the age of 18 or becomes an emancipated minor. Tenant authorizes Landlord and Broker(s) to obtain Tenant's credit report periodically during the tenancy in connection with the modification or enforcement of this Agreement. Landlord may cancel this Agreement: **(i)** before occupancy begins; **(ii)** upon disapproval of the credit report(s); or **(iii)** at any time, upon discovering that information in Tenant's application is false. A negative credit report reflecting on Tenant's record may be submitted to a credit reporting agency if Tenant fails to fulfill the terms of payment and other obligations under this Agreement.
**B. LANDLORD REPRESENTATIONS:** Landlord warrants, that unless otherwise specified in writing, Landlord is unaware of **(i)** any recorded Notices of Default affecting the Premise; **(ii)** any delinquent amounts due under any loan secured by the Premises; and **(iii)** any bankruptcy proceeding affecting the Premises.

**39. MEDIATION:**
**A.** Consistent with paragraphs B and C below, Landlord and Tenant agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action.
**B.** The following matters are excluded from mediation: **(i)** an unlawful detainer action; **(ii)** the filing or enforcement of a mechanic's lien; and **(iii)** any matter within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provision.
**C.** Landlord and Tenant agree to mediate disputes or claims involving Listing Agent, Leasing Agent or property manager ("Broker"), provided Broker shall have agreed to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to such Broker. Any election by Broker to participate in mediation shall not result in Broker being deemed a party to this Agreement.

**40. ATTORNEY FEES:** In any action or proceeding arising out of this Agreement, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, except as provided in paragraph 39A.

**41. C.A.R. FORM:** C.A.R. Form means the specific form referenced or another comparable form agreed to by the parties.

**42. OTHER TERMS AND CONDITIONS; SUPPLEMENTS:** ☐ Interpreter/Translator Agreement (C.A.R. Form ITA);
☐ Keysafe/Lockbox Addendum (C.A.R. Form KLA); ☒ Lead-Based Paint and Lead-Based Paint Hazards Disclosure (C.A.R. Form FLD);
☐ Landlord in Default Addendum (C.A.R. Form LID)

The following ATTACHED supplements are incorporated in this Agreement: _____

**43. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed except in writing. This Agreement is subject to California landlord-tenant law and shall incorporate all changes required by amendment or successors to such law. This Agreement and any supplement, addendum or modification, including any copy, may be signed in two or more counterparts, all of which shall constitute one and the same writing.

**44. AGENCY:**
**A. CONFIRMATION:** The following agency relationship(s) are hereby confirmed for this transaction:
Listing Agent: (Print firm name) _____
is the agent of (check one): ☐ the Landlord exclusively; or ☐ both the Landlord and Tenant.
Leasing Agent: (Print firm name) _____
(if not same as Listing Agent) is the agent of (check one): ☐ the Tenant exclusively; or ☐ the Landlord exclusively; or ☐ both the Tenant and Landlord.
**B. DISCLOSURE:** ☐ (If checked): The term of this lease exceeds one year. A disclosure regarding real estate agency relationships (C.A.R. Form AD) has been provided to Landlord and Tenant, who each acknowledge its receipt.

**45. ☐ TENANT COMPENSATION TO BROKER:** Upon execution of this Agreement, Tenant agrees to pay compensation to Broker as specified in a separate written agreement between Tenant and Broker.

Tenant's Initials ( _dgr_ )( _____ )

LANdlord

LR REVISED 12/13 (PAGE 5 OF 6)

Landlord's Initials ( ____ )( ____ )

Reviewed by _____ Date _____

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 5 OF 6)**

19

2400 Florida St
Premises: *Hemet, CA 92544*                                                     Date: *November 7, 2014*

**46.** ☐ **INTERPRETER/TRANSLATOR:** The terms of this Agreement have been interpreted for Tenant into the following language: _____ . Landlord and Tenant acknowledge receipt of the attached interpreter/translator agreement (C.A.R. Form ITA).

**47. FOREIGN LANGUAGE NEGOTIATION:** If this Agreement has been negotiated by Landlord and Tenant primarily in Spanish, Chinese, Tagalog, Korean or Vietnamese, pursuant to the California Civil Code, Tenant shall be provided a translation of this Agreement in the language used for the negotiation.

**48. OWNER COMPENSATION TO BROKER:** Upon execution of this Agreement, Owner agrees to pay compensation to Broker as specified in a separate written agreement between Owner and Broker (C.A.R. Form LCA).

**49. RECEIPT:** If specified in paragraph 5, Landlord or Broker, acknowledges receipt of move-in funds.

> Landlord and Tenant acknowledge and agree Brokers: **(a)** do not guarantee the condition of the Premises; **(b)** cannot verify representations made by others; **(c)** cannot provide legal or tax advice; **(d)** will not provide other advice or information that exceeds the knowledge, education or experience required to obtain a real estate license. Furthermore, if Brokers are not also acting as Landlord in this Agreement, Brokers: **(e)** do not decide what rental rate a Tenant should pay or Landlord should accept; and **(f)** do not decide upon the length or other terms of tenancy. Landlord and Tenant agree that they will seek legal, tax, insurance and other desired assistance from appropriate professionals.

**Tenant agrees to rent the Premises on the above terms and conditions.**

Tenant _____
Address _____ City _____ *David Haney* Date *11/07/2014*
Telephone _____ Fax _____ E-mail _____ State _____ Zip _____

Tenant _____
Address _____ City _____ Date _____
Telephone _____ Fax _____ E-mail _____ State _____ Zip _____

☐ **GUARANTEE:** In consideration of the execution of this Agreement by and between Landlord and Tenant and for valuable consideration, receipt of which is hereby acknowledged, the undersigned ("Guarantor") does hereby: **(i)** guarantee unconditionally to Landlord and Landlord's agents, successors and assigns, the prompt payment of Rent or other sums that become due pursuant to this Agreement, including any and all court costs and attorney fees included in enforcing the Agreement; **(ii)** consent to any changes, modifications or alterations of any term in this Agreement agreed to by Landlord and Tenant; and **(iii)** waive any right to require Landlord and/or Landlord's agents to proceed against Tenant for any default occurring under this Agreement before seeking to enforce this Guarantee.

Guarantor (Print Name) *none* _____
Guarantor _____
Address _____ City _____ Date _____
Telephone _____ Fax _____ E-mail _____ State _____ Zip _____

**Landlord agrees to rent the Premises on the above terms and conditions.**

Landlord _____ Date _____ Landlord _____ Date *11/7-1*
*Diana Manangan*                                                      *Loreto Manangan*
Address *25034 rhine St Hemet , , ca 92544*
Telephone _____ Fax _____ E-mail _____

> **REAL ESTATE BROKERS:**
> **A.** Real estate brokers who are not also Landlord under this Agreement are not parties to the Agreement between Landlord and Tenant.
> **B.** Agency relationships are confirmed in paragraph 44.
> **C.** **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker (Leasing Firm) and Cooperating Broker agrees to accept: **(i)** the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or **(ii)** ☐ (if checked) the amount specified in a separate written agreement between Listing Broker and Cooperating Broker.

Real Estate Broker (Listing Firm) *xxxxx*
By (Agent) _____ BRE Lic. # _____
Address _____ *none* BRE Lic. # _____ Date _____
Telephone _____ Fax _____ E-mail _____ State _____ Zip _____

Real Estate Broker (Leasing Firm) *xxxxxx*
By (Agent) _____ BRE Lic. # _____
Address _____ BRE Lic. # _____ Date _____
Telephone _____ Fax _____ E-mail _____ State _____ Zip _____

© 2013, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by _____ Date _____

**LR REVISED 12/13 (PAGE 6 OF 6)**

**RESIDENTIAL LEASE OR MONTH-TO-MONTH RENTAL AGREEMENT (LR PAGE 6 OF 6)**

**CALIFORNIA ASSOCIATION OF REALTORS®**

# ADDENDUM
(C.A.R. Form ADM, Revised 4/12)

No. _1_

The following terms and conditions are hereby incorporated in and made a part of the: ☐ Residential Purchase Agreement, ☐ Manufactured Home Purchase Agreement, ☐ Business Purchase Agreement, ☒ Residential Lease or Month-to-Month Rental Agreement, ☐ Vacant Land Purchase Agreement, ☐ Residential Income Property Purchase Agreement, ☐ Commercial Property Purchase Agreement, ☐ Other _____

dated _____, on property known as _____ 27330 stanford St.
Hemet, CA  92544 ,
in which _____ David Haney
and _____ Diana Manangan, Loreto Manangan _____ is referred to as ("Buyer/Tenant")
_____ is referred to as ("Seller/Landlord").

1-As per our agreement rent is due the 15th day of each month if not paid by this date there will be a late fee of $35.00.
2-Any other roommate must submit an application and must be approved by the landlord.
3-Any maintenance require must be requested in writing. Tenant to be aware room addition does not include any maintenance.
4-It will be tenants responsibility to maintain the property in good condition. Front and back yard, interior of the property.
5-Security Deposit will be return to you 22 days after moving out. And please make sure all utilities are being pay on time, any water bill and trash company bills not being paid will result in the termination of your contract.
6-Tenant to be aware this property is not being managed by Brubaker and Culton rent must be a direct deposit unless other terms have been accepted.Any notices must be send to: 25034 rhine st. Hemet Ca 92544.

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date _____                              Date _____

Buyer/Tenant _____ David Haney        Seller/Landlord _____ Diana Manangan
                                              11-1-14

Buyer/Tenant _____                     Seller/Landlord _____ Loreto Manangan

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1986-2012, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

ADM REVISED 4/12 (PAGE 1 OF 1)

## ADDENDUM (ADM PAGE 1 OF 1)

Reviewed by _____ Date _____

Agent: Diana Manangan          Phone: 951.658.7211          Fax: 951.652.4802
Broker: Brubaker-Culton R.E.,990 W. Florida Ave. Hemet,CA 92543          Prepared using zipForm® software

21

1/23/18

TO: DAVID HANEY
    27330 STANFORD STREET
    HEMET, CA. 92544

RE:  YOUR LETTER DATED 12/23/17

Dear David,

In response to your letter to us dated 12/23/17, we would like to clarify a few points.

In regards to the Notice of rent increase dated 9/15/17, we are acknowledging that there was a typographical error on that Notice wherein it indicated the rent increase would be effective 10/15/2020. Again, this was a typographical error.   With that being said, we agree to honor the rental rate of $975.00 per month, at this time.

In regards to the 60 Day Termination Notice, it is our opinion that it is a valid notice and you are being asked to vacate the property on or before February 22, 2018.   You are still required to pay your rent up to February 22, 2018.

With regards to your statement that there is a verbal agreement between you and Diana Manangan, this is completely false.   Diana Manangan has never verbally or otherwise agreed with you to make any improvements to the property;  Diana Manangan has never authorized you to make improvements to the property;  Additionally, upon move in, you signed a move-in checklist approving that the property was in good condition.   There was never any agreement that you would remain in the property for no less than 7 years from your move-in date.

Additionally, we would like to bring to your attention that you are currently in violation of your rental contract with bringing additional unauthorized occupants into the property.   You have refused to provide additional information on these unauthorized occupants, ie: names, etc, when requested.

At this time, you owe January, 2018 rent of $975.00 plus a $35.00 late fee.

Thank you,

Diana Manangan, Loreto Manangan

22

# PROOF OF SERVICE

I SERVED THE

| | |
|---|---|
| XX | Three Day Notice To Pay Rent or Surrender Possession |
| XX | Notice To Perform Covenants and Conditions |
| | Thirty Day Notice of Termination Of Tenancy |
| | Sixty Day Notice of Termination of Tenancy |
| | Notice of Resident Option To Request Initial Inspection of the Rental Unit |
| | Three Day Notice to Quit/After Foreclosure |
| | 90 Day Notice of Termination of Tenancy/After Foreclosure |
| XX | Other: LETTER |

1. Name: _____
DAVID HANEY

2. Person served and title: _____ DAVID HANEY _____ , Tenant in Possession

3. Person with whom left and title or relationship to person: _____

4. Date and Time of delivery: _____ 1/23/2018 @ 6:32 PM _____

5. Address, City, and State: _____ 27330 STANFORD STREET, HEMET, CA. 92544 _____
( X ) Home          (    ) Business

6. Manner of Service:

_____ Personal Service. By personally delivering copies to the person served.

XX    By Posting a copy in a conspicuous place on the premises.

Date and Time of posting: _____ 1/23/2018 @ 6:32 PM _____

XX    By Mailing a copy, postage prepaid, by first class mail.

Date of Mailing: _____ 1/23/2018 _____

Place of Mailing: _____ HEMET, CA. _____

Addressed to : _____ DAVID HANEY _____

_____ 27330 STANFORD STREET _____

_____ HEMET, CA. 92544 _____

7. Fee for Service    $55.00                    Total    $55.00

8. Person Serving:    ( X )    Exempt from registration under Bus. & Prof. Code 22350(b)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

( Date )  23-Jan-18    at (Place)  _____ HEMET _____ , California

**IMPERIAL INTERNATIONAL INVESTIGATIONS**
1051 E. 1st Street
Beaumont, CA 92223
(951) 845-5499
State Lic. #PI9686

_____
Signature
DEBORAH MANLEY

23

# THREE DAY NOTICE TO PERFORM CONDITIONS
## AND/OR COVENANTS OR QUIT

TO: (NAME)    **DAVID HANEY**
_____    **AND DOES 1-10 INCLUSIVE**
ALL RESIDENTS (tenants and subtenants) in possession (full name) and all others in possession
of the premises located at:

Street Address    **27330 STANFORD STREET**    UNIT # (if applicable)    _____

City, State, Zip    **HEMET, CA.  92544**

IN THAT, the Rental Agreement/Lease condition(s) and/or covenants set forth below are being breached as follows:

1 Condition(s) and or covenant(s) breached:

A.    _____**XX**_____    Failure to pay late charges due in the sum of    **$35.00 FOR JANUARY, 2018**

B.    _____    Failure to pay NSF fee charge in the sum of    _____

C.    _____    Failure to pay deposit(s) in the sum of    _____

D.    _____    **PLEASE SEE ATTACHED LETTER OF CLARIFICATION IN RESPONSE TO YOUR LETTER OF 12/23/17**

2 State specific facts of breach(es) and/or violation(s):    **UNAUTHORIZED OCCUPANTS**

**WITHIN THREE DAYS** after the service on you of this Notice, you are hereby required to perform or other wise comply with the above-mentioned condition and/or covenant OR QUIT AND DELIVER THE POSSESSION OF THE PREMISE.

If you fail to perform or otherwise comply, Owner/Agent declares the forfeiture of your Rental Agreement/Lease and will institute legal proceedings to obtain possession. Such proceedings could result in a judgment against you, which may include attorneys' fees and court costs as allowed by law, and an additional punitive award of six hundred dollars ($600.00) in accordance with California law. If you fail to fulfill the terms of your credit obligations, a negative credit report may be submitted to a credit reporting agency.

THIS NOTICE DOES NOT AFFECT ANY NOTICE ALREADY SERVED OR ANY NOTICE SERVED WITH THIS NOTICE

_____23-Jan-18_____    _____
Date    Owner/Agent Signature

D. Manley
_____
Print Name

FORM COURTESY OF THE EVICTION CENTER

24

# 3 -DAY
# NOTICE TO PAY RENT
# OR SURRENDER POSSESSION
## ( CODE OF CIVIL PROCEDURE 1161)

TO: **DAVID HANEY  AND DOES 1-10 INCLUSIVE**
<u>ALL RESIDENTS (tenants and subtenants) in possession (full name) and all others in possession</u>

**NOTICE IS HEREBY GIVEN** that, pursuant to the agreement under which you hold possession of the premises located at:

**27330 STANFORD STREET**
STREET ADDRESS                                                                           NUMBER

**HEMET, CA.  92544**
CITY                                                         ZIP CODE                                    CALIFORNIA,

there is now due and unpaid rent for said premises in the sum of _____ **$975.00** , enumerated as follows:

| $975.00 | DUE FROM | JAN. 15, 2018 | THROUGH | FEB. 14, 2018 |
|---|---|---|---|---|
| | DUE FROM | | THROUGH | |
| | DUE FROM | | THROUGH | |
| | DUE FROM | | THROUGH | |
| | DUE FROM | | THROUGH | |
| | DUE FROM | | THROUGH | |

**WITHIN THREE(3) DAYS** AFTER SERVICE OF THIS NOTICE ON YOU, YOU ARE REQUIRED TO PAY THE RENT IN FULL, OR TO VACATE AND RETURN POSSESSION OF THE PREMISES AND THE KEYS TO SAID PREMISES, TO THE OWNER OR OWNERS AUTHORIZED AGENT. IF YOU FAIL TO DO SO, LEGAL PROCEEDINGS MAY BE COMMENCED AGAINST YOU TO RECOVER POSSESSION OF THE PREMISES, TO DECLARE YOUR AGREEMENT FORFEITED AND TO RECOVER **TREBLE RENTS AND DAMAGES** PLUS ATTORNEY FEES, COURT COST, AND FOR SUCH FURTHER RELIEF AS THE COURT MAY DEEM PROPER.

**YOU ARE FURTHER NOTIFIED** THAT THE LESSOR ELECTS TO DECLARE A FORFEITURE OF THE RENTAL AGREEMENT UNDER WHICH YOU HOLD POSSESSION OF THE PREMISES, UNLESS THE TOTAL RENT DUE IS PAID **WITHIN THREE (3) DAYS** FOLLOWING SERVICE OF THIS NOTICE ON YOU.

THIS NOTICE DOES NOT AFFECT ANY NOTICE ALREADY SERVED OR ANY NOTICE SERVED WITH THIS NOTICE

DATED    **JAN. 23,**        **2018**

D. Manley                       ~~OWNER~~/AGENT SIGNATURE

AS REQUIRED BY LAW, YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT MAY BE SUBMITTED TO A CREDIT - REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS.

**ACCEPTABLE FORM OF PAYMENT IS : CHECK**    **YES**    **CASHIER'S CHECK**    **YES**    **MONEY ORDER**    **YES**

**CASH**    **YES**         **EFT/DEPOSIT**    **NO**    **PAYABLE TO**    **DIANA MANANGAN**
(IN PERSON ONLY)    **ACCOUNT #** **N/A**

**PLEASE MAKE PAYMENT IN PERSON**    **YES**    **OR BY MAIL**    **YES**    (24 HR USPS DROP BOX)

IN PERSON: **THE EVICTION CENTER, 1001 E. MORTON PL., STE. C, HEMET, CA. 92543**

BY MAIL:    **THE EVICTION CENTER, 1001 E. MORTON PL., STE. C, HEMET, CA. 92543**

**BETWEEN THE HOURS OF**    **10:00AM-5:00PM**    **DAYS**    **MONDAY**    **TO**    **FRIDAY**

**OWNER OR OWNER'S AGENT TELEPHONE NUMBER:**    **DIANA MANANGAN 951-529-3967 OR THE EVICTION CENTER 951-929-3219**
FORM COURTESY OF THE EVICTION CENTER

> **NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.
> 1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
> 2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
> 3. If you do not file this form, you will be evicted without further hearing.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*            TELEPHONE NO.: | FOR COURT USE ONLY |

ATTORNEY FOR *(Name):*

NAME OF COURT: HEMET SUPERIOR COURT
STREET ADDRESS: COUNTY OF RIVERSIDE
MAILING ADDRESS: 880 NORTH STATE STREET
CITY AND ZIP CODE: HEMET, CA. 92543
BRANCH NAME: HEMET CIVIL DIVISION

PLAINTIFF: DIANA MANANGAN, LORETO MANANGAN

DEFENDANT: DAVID HANEY
AND DOES 1-10 INCLUSIVE

| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: |
|---|---|

| | |
|---|---|
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.<br>3. You still occupy the premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br><br>*(Date that this form is served or delivered, and posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit No., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):* 27330 STANFORD STREET, HEMET, CA. 92544 (RIVERSIDE COUNTY)

4. On *(insert date):* [                    ], the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing of $ [        ] or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

*(Continued on reverse)*

| | | |
|---|---|---|
| CP10.5 [New January 1, 1991] | **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | Legal Solutions Plus    Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25 |

26

| PLAINTIFF *(Name)*: DIANA MANANGAN, LORETO MANANGAN | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*: DAVID HANEY AND DOES 1-10 INCLUSIVE | |

**NOTICE: If you fail to file this claim, you will be evicted without further hearing.**

11. *(Response required within five days after you file this form)* I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

12. **Rental agreement.** I have *(check all that apply to you)*:
    a. ☐ an oral rental agreement with the landlord.
    b. ☐ a written rental agreement with the landlord.
    c. ☐ an oral rental agreement with a person other than the landlord.
    d. ☐ a written rental agreement with a person other than the landlord.
    e. ☐ other *(explain)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**WARNING: Perjury is a felony punishable by imprisonment in the state prison.**

Date:

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

▶

(TYPE OR PRINT NAME)                                                        (SIGNATURE OF CLAIMANT)

**NOTICE:** If you file this claim of right to possession, the unlawful detainer (eviction) action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## - NOTICE TO OCCUPANTS -

**YOU MUST ACT AT ONCE** if all the following are true:
1. **You are NOT named in the accompanying Summons and Complaint.**
2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.** *(The date is the court filing date on the accompanying Summons and Complaint.)*
3. **You still occupy the premises.**

*(Where to file this form)* You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the reverse of this form) at the court where the unlawful detainer (eviction) complaint was filed.

*(What will happen if you do not file this form)* If you do not complete and submit this form (and pay a filing fee or file the form for proceeding in forma pauperis if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you will be evicted without a hearing.*

CP10.5 [New January 1, 1991]          **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**          Page two

27

1

2
## PROOF OF SERVICE

3

4
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5
The undersigned declares as follows:

6
I am employed in the County of RIVERSIDE, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:

7
13221 SPARREN AVE, SAN DIEGO, CA 92129-2324

8
On March 8, 2018, I served the foregoing document described as follows:

9
**NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO UNITED STATES DISTRICT COURT (28 USC § 1452)**

10
on the following persons:

11

12
APRIL E ROBERTS 901 S STATE STE 400 HEMET CA 92543

13
[ ]     BY FACSIMILE. I transmitted the attached document via facsimile, after which the machine used to transmit the document produced a confirmation sheet indicating that the

14
transmission successfully transmitted all pages of the document to the telephone number(s)

15
listed next to the person(s) identified above and on the attached service list, if any.

16
[X]     As to each person I accomplished such service by placing a true and correct copy of the original in an envelope, sealing it and then addressing it to said person at the afore-

17
mentioned address.

18
        [X]     BY MAIL. I deposited such envelope(s) in the mail at Los Angeles, California with necessary postage pre-paid thereon. Pursuant to Code of Civil Procedure §1013(b), the

19
copy of the notice or other paper served by mail bears a notation of the date and place of mailing and is accompanied by an unsigned copy of this proof of service.

20
        [ ]     BY PERSONAL SERVICE. I delivered such envelope to the hands, home or

21
office of the addressee.

22
        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that it was executed on the above-noted date at /

23

24
DENNY HAYES

25

26

27

28

**NOTICE OF REMOVAL OF LAWSUIT PENDING IN STATE COURT TO DISTRICT COURT (28 USC § 1452) – page 5**

